UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERTO DOMINGUEZ AND MARIA C. BERNAL<br>*Plaintiffs,* | § | |
| Vs. | § | CIVIL ACTION NO. 7:26-CV-00030 |
| ALLSTATE TEXAS LLOYD'S,<br>*Defendant.* | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

**COMES NOW,** ROBERTO DOMINGUEZ AND MARIA C. BERNAL (herein individually or collectively "Plaintiffs"), and file this Plaintiffs' First Amended Complaint complaining of Defendant ALLSTATE TEXAS LLOYD'S, (herein "Defendant Insurance Company" or "Defendant" or sometimes "Allstate"), and for cause of action respectfully shows unto the Court the following:

## I. PARTIES

1. Plaintiffs, ROBERTO DOMINGUEZ AND MARIA C. BERNAL are individuals who reside in Elsa, Texas, in Hidalgo County.

2. Defendant ALLSTATE TEXAS LLOYD'S ("Defendant Insurance Company"), is a foreign insurance company incorporated under the laws of Illinois that is engaged in the business of insurance within the State of Texas. Defendant ALLSTATE TEXAS LLOYD'S has already made an appearance.

## II. JURISDICTION AND VENUE

3. The court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because the suit is between a citizen of the State of Texas and a corporate entity domiciled in the State of Illinois and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. This court has jurisdiction over Defendant ALLSTATE TEXAS LLOYD'S because said Defendant purposefully availed itself of the privilege of conducting activities within the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over ALLSTATE TEXAS LLOYD'S will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

5. Furthermore, Plaintiffs would show that Defendant ALLSTATE TEXAS LLOYD'S was engaged in activities constituting the business of insurance in the State of Texas.

6. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because the property at issue and a substantial part of the events or omissions giving rise to this claim occurred in this district. The property the subject of these claims and all bad faith claims handling by Allstate giving rise to this lawsuit occurred in Elsa, Hidalgo County, Texas, which is within the geographical confines of the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas.

## III. FACTS

7. Plaintiffs purchased a policy from Defendant Insurance Company, insuring Plaintiffs' property against certain losses. The Policy number was 936755207 (hereinafter referred to as "the Policy").

8. Plaintiffs own the insured property, which is located at 18877 Mile 6 West Rd.,

Elsa, TX 78543, (hereinafter referred to as “the Property”).

9. On or about June 12, 2025, the insured property was severely damaged by hail and windstorm (the “covered loss event”). Shortly thereafter, Plaintiffs filed a claim with Defendant Insurance Company to be compensated for damages to the Property and other damages covered by the terms of the Policy (the “Claim”). The subject claim number is 0796203784. Allstate adjusted the loss at an RCV of $4,179.32 less recoverable depreciation of $8.84 and the deductible of $2,820.00 for a net claim payment of $1,359.32.

10. After Allstate received notice Plaintiffs had an attorney representing them, adjuster Michael Sampayo sent a denial letter rejecting Plaintiffs' pre-suit demand, asserting that no coverage would be extended for interior damages as the anomalies were related to settling cracks and/or non-storm related issues. Allstate conceded a full roof replacement due to repairability concerns and adjusted the loss.

11. Plaintiffs hired a construction company to estimate the loss based upon the scope of loss utilized in the initial claim outcome. The scope of damages to the risk reflected building damages of $63,670.62.

12. Despite receiving Plaintiffs’ position, supporting documentation, and an opportunity to resolve the claim, Allstate failed to fully and fairly evaluate the covered loss, failed to pay the full amount owed under the Policy, and failed to make a reasonable attempt to resolve the claim once its liability became reasonably clear. Allstate’s conduct compelled Plaintiffs to file suit to recover amounts due under the Policy and constitutes unfair claims settlement practices, including violations of the Texas Insurance Code.

13. Allstate has committed and continues to commit unfair claims settlement practices in violation of Tex. Ins. Code §542.003(a)(b)(1), (a)(b)(2), (a)(b)(3), and (a)(b)(4); and specifically

Tex. Ins. Code §542.003(a)(b)(4), by compelling a policyholder to institute a suit to recover an amount due under the policy by offering substantially less than the amount that may be recovered in this suit upon trial of the above referenced matter, including prompt payment penalty interest from the date of the initial adjustment of loss to the date upon which a judgment is rendered in the amount of 18% interest per annum.

14 Defendant Insurance Company failed to adopt and implement reasonable standards for the prompt investigation of claims such as Plaintiffs herein.

15. Plaintiffs submitted a demand that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior, pursuant to the Policy.

16. Defendant Insurance Company ignored and or did not pay the demand, did not effectuate a good faith attempt to promptly, fairly, and equitably resolve or settle the amount of said claim in which liability is reasonably clear.

17. Defendant Insurance Company compelled this policyholder to institute this suit to recover an amount due under said insurance policy.

18. Defendant Insurance Company action and or omission constitutes multiple breaches of contract, violations of the Texas Insurance Code and or the Texas DTPA.

## IV. CAUSE OF ACTIONS: NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

19. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-18, and incorporate the same herein by this reference as if here set forth in full.

20. Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

21. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendant failed to explain to Plaintiffs the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

23. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24. Defendant Insurance Company refused to fully and timely compensate Plaintiffs, under the terms of the Policy and/or under the Texas Insurance Code. Defendant failed to conduct a reasonable investigation, but still maintained actual awareness that it was liable to pay the full amount of loss on Plaintiffs' claim since the claim's inception. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of

Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## V. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

28. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1.-27., and incorporate the same herein by this reference as if here set forth in full.

29. Defendant Insurance Company is liable to Plaintiffs for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

30. Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiffs.

31. Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's

insurance contract with Plaintiffs.

32. Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

33. The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiffs' Claims and such acts of commission and omission in the handling of Plaintiffs' claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

34. Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of the Adjustor including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## VII. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY VIOLATIONS OF THE TEXAS DTPA

35. Plaintiffs assert they are consumers under the DTPA and that the Defendant Insurance Company is liable under the DTPA for one or more of the following violations, to-wit:

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

(2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(7) representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]

36. Plaintiffs assert that they relied on one or more of the foregoing to their detriment on said false and or misleading representation, and that said reliance is a producing cause of their damages. Further, said reliance was a substantial factor in bringing about the injury, without which the injury would not have occurred.

37. Plaintiffs further assert that Defendant's conduct was committed knowingly and as a consumer under the DTPA, Plaintiffs seek mental anguish damages and further seek enhanced damages for said mental anguish and economic damage up to three times the actual amount as determined by the trier of fact.

## VIII. KNOWLEDGE AND INTENT

38. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and or the Texas DTPA, and was a producing and proximate cause of Plaintiffs' damages described herein.

39. Each of the acts described above, together and singularly, was done "intentionally," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## IX. DAMAGES

40. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

41. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiffs are

entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X. RESERVATION OF RIGHTS

44. Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XI. CONDITIONS PRECEDENT

45. Pursuant to Rule 9 of the Federal Rules of Civil Procedure, all conditions precedent to Plaintiffs' right to recover herein have been performed or have occurred.

## XII. JURY DEMAND

46. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code and or DTPA, and all punitive, exemplary damages and treble as may be

found, and, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiffs' behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show Plaintiffs are entitled to.

Respectfully submitted,

**MOORE LAW FIRM**
1300 N. 10th Street, Suite 400
McAllen, Texas 78501
Telephone: (956) 631-0745
Telecopier: (888) 266-0971
firstpartylit@moore-firm.com

By: */s/ J. Michael Moore*______
J. Michael Moore
State Bar No.: 14349550
Federal Bar No. 16942
R. Nicholas Moore
State Bar No.: 24098134
Federal Bar No. 3132077

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This is to certify that the original document was served upon all counsel of record, on the 10th day July, 2026 via eService and/or email in accordance with the Federal Rules of Civil Procedure.

*/s/ J. Michael Moore*
J. Michael Moore